UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DRC, INC.,                          )
                                    )
        Petitioner,                 )
                                    )
    v.                              )   Civil Action No. 10-0003 (PLF)
                                    )
REPUBLIC OF HONDURAS,               )
                                    )
        Respondent.                 )
_____)

MEMORANDUM OPINION AND ORDER

This is an action to enforce a foreign arbitration award rendered in the Republic of Honduras by Honduran arbitrators under Honduran law. The underlying dispute in this case arises out of a construction contract between petitioner, DRC, Inc., and the Fondo Hondureño de Inversión Social ("FHIS") — an instrumentality of respondent, the Republic of Honduras — under which DRC agreed to construct certain water and wastewater sub-projects in Honduras. Ultimately, DRC demanded arbitration with FHIS, and an arbitration award was rendered against FHIS that required FHIS to pay DRC over $51 million. DRC now has petitioned this Court for confirmation of that arbitration award against the Republic of Honduras.

On March 28, 2011, the Court granted the Republic's motion to stay this case and concluded that it would postpone ruling on DRC's petition in view of the pendency of a prior, parallel action brought by DRC in Honduras before the Honduran Supreme Court. See DRC, Inc. v. Republic of Honduras, 774 F. Supp. 2d 66, 67-68 (D.D.C. 2011). The Court therefore stayed this case in its entirety pending further order of the Court; ordered the parties to file joint

status reports with the Court every 60 days; and ordered that if ether side learned of additional information that would warrant lifting the stay, such information shall be filed promptly with the Court.  See Order at 1, Mar. 28, 2011 [Dkt. No. 67].  DRC since has filed a motion to lift the stay.  See Dkt. No. 72.  The Republic opposes DRC's motion.  See Dkt. No. 80.

  The Court stayed this case pursuant to its authority under Article VI of the Inter-American Convention on International Commercial Arbitration ("Inter-American Convention").  DRC, Inc. v. Republic of Honduras, 774 F. Supp. 2d at 73.  Article VI of the Inter-American Convention provides:

> If the competent authority [of the State in which, or according to the law of which, the arbitral decision has been made] has been requested to annul or suspend the arbitral decision, the authority before which such decision is invoked may, if it deems it appropriate, postpone a decision on the execution of the arbitral decision and, at the request of the party requesting execution, may also instruct the other party to provide appropriate guaranties.

INTER-AMERICAN CONVENTION, Jan. 30, 1975, S. TREATY DOC. NO. 97-12 (1981), 1438 U.N.T.S. 248.

  As the Court stated in its March 28, 2011 Opinion, at the time of the Court's decision on the Republic's motion to stay, the United States Court of Appeals for the District of Columbia Circuit had not yet had occasion to offer much guidance regarding the manner in which a district court should "postpone" a case under the Inter-American Convention.  DRC, Inc. v. Republic of Honduras, 774 F. Supp. 2d at 73.  Very recently, on January 13, 2012, the court of appeals in Belize Social Development Ltd. v. Government of Belize, No. 10-7167, 2012 WL 104462 (D.C. Cir. Jan. 13, 2012), considered an appeal of a district court order staying a proceeding to confirm and enforce a foreign arbitration award pending the outcome of related

litigation in Belize. Although the court of appeals in that case addressed a district court's authority to stay a proceeding under the Convention on Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), a different arbitration convention than the one at issue before the Court in this case, it is clear that both the New York Convention and the Inter-American Convention "are intended to achieve the same results, and their key provisions adopt the same standards, phrased in the legal style appropriate for each organization." DRC, Inc. v. Republic of Honduras, 774 F. Supp. 2d at 71 (quotations omitted); see also International Ins. Co. v. Caja Nacional de Ahorro y Seguro, 293 F.3d 392, 396 n.7 (7th Cir. 2002) (noting that various provisions of both conventions "are substantively identical").

        The court of appeals in Belize Social Development Ltd. emphasized that under the Federal Arbitration Act, 9 U.S.C. §§ 201-08, a district court is afforded "little discretion in refusing or deferring enforcement of foreign arbitral awards[.]" Belize Social Dev. Ltd. v. Government of Belize, 2011 WL 104462, at *1. The court of appeals specifically discussed the scope of a district court's authority to stay enforcement proceedings pursuant to Article VI of the New York Convention, see id. at *4, *6, as well as a district court's inherent authority to stay proceedings in the interest of judicial economy. See id. at *5. The court of appeals then concluded that the district court's stay order "was not in conformity with federal law and international commitments, and the indefinite stay, lacking justification by any pressing need, exceeded the bounds of any inherent authority the district court may have had to stay proceedings in the interest of judicial economy." Id. at *6.

        Because the court of appeals' decision in Belize Social Development Ltd. may affect the Court's March 28, 2011 Opinion, and because briefing on DRC's motion to lift the stay

was completed before the court of appeals issued that decision, the Court will order the parties to file supplemental memoranda.

Accordingly, it is hereby

ORDERED that, by January 27, 2012, DRC shall file a supplemental memorandum addressing the relevance of the court of appeals' decision in <u>Belize Social Development Ltd v. Government of Belize</u>, No. 10-7167, 2012 WL 104462 (D.C. Cir. Jan. 13, 2012); the Republic shall file a response by February 3, 2012; and DRC shall file a reply, if any, by February 10, 2012.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
DATE: January 17, 2012					United States District Judge